IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:15-00124**

**CHADWICK J. LUSK**

**SUPPLEMENTAL MEMORANDUM OF THE**
**UNITED STATES REGARDING MENS REA AND FORESEEABILITY**

Now comes the United States of America, by Larry R. Ellis, Assistant United States Attorney, and submits this supplemental memorandum regarding mens rea and foreseeability.

In the January 19, 2016 hearing, the Court asked the government for any further support for the notion that the rule in *Skilling* – that honest-services fraud cases under 18 United States Code §1346 will survive a vagueness challenge so long as they involve either bribery or kickbacks – effectively supplants the "reasonably foreseeable harm" test employed by the Fourth Circuit *in United States v. Vineyard, 266* F. 3d 320 (4th Cir. 2001).

To that end, the Government has searched for recent cases analyzing the elements of proof for a Title 18 U.S.C. § 1346 honest-services charge.  Both *U.S. v. Nagin*, __ F.3d __, (5th Circuit 2016), 2016 WL 98478 and *U.S. v. McDonnell,* 792 F. 3d

478 (4th Cir. 2015)[1] involve 18 U.S.C. § 1346 charges and in both cases convictions on those charges are upheld over objections to instructions relating to the intent element. In neither opinion is there any reference to the "reasonable foreseeability" test or the "materiality" test surveyed in the *Vineyard* opinion. Both opinions simply refer to *Skilling* and to the issue of whether the wrongdoing charged in furtherance of the scheme involved bribery. These cases both involve elected officials victimizing the public rather than employees defrauding their employers in the private sector. *Vineyard* observes that the "reasonable foreseeability test" and the "materiality test" were articulated to measure constitutionality in cases where an employee is charged with defrauding his employer in the private sector. Moreover, it appears that *certiorari* has been granted in the *McDonnell* case.

It moreover remains the position of the United States that the facts before the Court here effectively support the honest-services charge even if the "reasonable foreseeability" test articulated in *Vineyard* is applied. With regard to that issue, this Court in the January 19, 2016 hearing asked the government

---

[1] It may be worth noting that Judge King, who authored the opinion in *Vineyard*, was a member of the panel that decided *McDonnell*.

for documentation concerning the actual payment of the invoices submitted to Mingo Logan Coal Company by CM Supply over the life of the scheme.

To that end the government herewith provides copies of three checks[2] issued by Arch Coal, Inc., in payment of CM Supply invoices for crib blocks supplied to Mingo Logan Coal Company during the scheme charged in the Information (Exhibits 1, 2 and 3). Jeanette Cover, an assistant controller for Arch Coal, explained that the account on which these checks were written is actually a "concentrated" account of Arch Coal through which payables of the several subsidiaries of Arch Coal are paid. She further stated that, immediately upon payment, the entries for these payouts were transferred to the corporate books of Mingo Logan Coal Company.

Thus, the fact that the payments to CM Supply initially came from an account of Mingo Logan's parent company does not make the potential loss or harm to Mingo Logan any less obvious or foreseeable. What would have been apparent to the defendant at the time of the sale – that the transaction was actually between Mingo Logan Coal Company, Inc., the Company that

---

[2] Ms. Cover explained that after these three checks were issued, Arch Coal paid for CM Supply's invoices submitted over the life of the scheme by means of ACH transfers from the same "concentrated" account. The entries for these payments, like those for the payments by check, were also immediately transferred to the corporate books of Mingo Logan Coal Company.

3

employed him and for which he acted as an agent, and CM Supply is not contradicted by the final accounting. The defendant's admission that economic harm to his employer was reasonably foreseeable is instead supported by the fact that the expenses for the payments to CM Supply were immediately and directly borne by Mingo Logan Coal Company, Inc..

        Respectfully submitted,

        CAROL A. CASTO
        Acting United States Attorney

By:
        /s/Larry R. Ellis
        LARRY R. ELLIS
        Assistant United States Attorney
        WV Bar No. 1122
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email:larry.ellis@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Supplemental Memorandum of the United States Regarding Mens Rea and Foreseeability" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 29th day of January, 2016, to:

    Thomas W. Smith, Esquire
    405 Capitol Street
    Suite 701
    Charleston, West Virginia 25301


    /s/Larry R. Ellis
    LARRY R. ELLIS
    Assistant United States Attorney
    WV Bar No.1122
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: larry.ellis@usdoj.gov