# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**UNITED STATES OF AMERICA**

     **v.**                                     **Case No.2:15-CR-00124**

**CHADWICK LUSK**


**SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT, CHADWICK LUSK**


Defendant, Chadwick Lusk hereby submits the following in support of a sentence below the advisory guideline range.

## ARGUMENTS IN SUPPORT OF VARYING FROM THE ADVISORY GUIDELINE RANGE.

a)  THE LENGTH OF THE PROCEEDINGS COMBINED WITH DEFENDANT'S CONDUCT SINCE MAY 19, 2014, AND HIS EXTRAORDINARY REHABILITATION EFFORTS SUPPORT A VARIANCE.

Defendant entered a plea agreement with the United States on May 19, 2014.  Due to no behavior on his part this case has lasted some 32 months. Such is an unusually longtime to be in Defendant's circumstance and extraordinarily stressful. Effectively, Defendant has been on actual or constructive supervision for the entire period.

Over the thirty-two months since defendant entered the first plea agreement, rather than simply waiting for the "axe to fall" he has made exemplary efforts to rehabilitate himself, in his own eyes and those of his family and neighbors.

Having engaged in conduct which effectively destroyed his employability in the area in which he previously worked, he has educated himself in investing and is building a small investment entity.

Defendant has also begun teaching school (Mathematics) at Man High School both as a full-time teacher and substitute – having first informed pertinent school personnel of his legal circumstances and the certainty of his eventual conviction for some federal offense.

Defendant has also ceased drinking alcohol and rejoined the local religious community he strayed from during his employment at Mountain Laurel. Defendant has been elected president of the United Methodist Men's organization at his church and studied for and become a Certified Lay Servant of the United Methodist Church, participating in weekly Bible Club activities and he serves as a co-leader of morning prayers. He has also spoken before church groups about his illegal behavior.

Defendant has also:

1) Organized an annual Christmas food distribution program;

2) Organized and directed a church fundraising which raised some $20,000;

3) Been elected treasurer of the Huff Creek Watershed Association;

4)  Organized, through the Association, a trash clean-up program for high school students which allows them to earn community service credit;

5) Assisted in the recent flood clean-up;

6) Organized fundraisers for the Watershed Association;

7) Served as coach of the Man High School Math field day team; and,

8) Coached youth sports teams to which his children belong.

Additionally, Defendant has recently been requested to act as a mentor to a troubled local high school student and has agreed to do so, if he is available to do so.

Counsel for defendant submits for the court's consideration that defendant's actions over the past 32 months are indicative not just of defendant's true character but also of his community's knowledge of and trust in him in spite of his criminal behavior.

Defendant has been a genuine asset to his community which would be poorer without him.

Counsel would also suggest that defendant's behavior is consistent with extraordinary remorse and a desire to rehabilitate himself to the extent it supports a variance. Incarceration at this point lays waste to all his post May 2014 behaviors, reducing his ability to be in a position to make restitution, support his family and contribute to the betterment of his community.

Counsel for Defendant would further submit that incarcerating him now would be so inequitable as to support a variance.

b) <u>DEFENDANT'S RELATIVE LACK OF SOPHISTICATION AND THE CIRCUMSTANCES AT HIS FIRST PLACE OF EMPLOYMENT.</u>

Counsel for defendant, while in no way attempting to downplay the criminal nature of his conduct would note that defendant's relative lack of sophistication combined with the long-standing culture of criminal conduct which permeated Mountain Laurel prior to defendant's employment contributed to defendant's criminal conduct. Counsel would suggest that had defendant been employed elsewhere the chances of him engaging in criminal behavior would be negligible as evidenced by his pre and post Mountain Laurel behavior.

While this does not make defendant's conduct "aberrant" as anticipated by the guidelines its clear inconsistency supports a variance.

c) <u>POSSIBLE DOUBLE-COUNTING</u>

Counsel for defendant respectfully submits that a variance from the advisory guideline range of 21-27 months is appropriate based upon the following:

The PSR contains a two level upward adjustment pursuant to U.S.S.G. §3B 1.3 for abuse of position of trust. Defendant acknowledges his position was such but posits that in a case such as this, an "honest services" mail fraud case, such an adjustment amounts to double counting enhancing the guideline range for behavior which is an essential element of the offense; to wit, violation of a fiduciary duty. Defendant respectfully submits that the "fiduciary duty" element requires one to be in a position of trust and the guidelines account for this is the base offense level. Consequently, defendant moves for a two level downward variance.

d) <u>DEFENDANT VOLUNTARILY LEFT MOUNTAIN LAUREL PRIOR TO BECOMING AWARE OF THE INVESTIGATION.</u>

Defendant respectfully suggests that he qualifies for a downward variance for having voluntarily left employment at Mountain Laurel prior to being aware of being under investigation.

The record reflects that defendant voluntarily left his employment at Mountain Laurel in 2014, prior to being made aware he was under investigation, evidencing a desire to discontinue his criminal behavior. Defendant had attempted to leave previously but conduct by David Runyon stymied defendant's departure. Specifically, defendant sought and was offered employment with Becker Mining, a supplier to Mountain Laurel. When defendant informed Mr. Runyon of the new job he was told that should he take the new job, Mr. Runyon would cease using Becker Mining as a supplier. Defendant withdrew his acceptance then.

Respectfully Submitted,

Chadwick Lusk
BY COUNSEL

 s/Thomas W. Smith, Esq.
W.Va. Bar #3490
Attorney at Law, PLLC
P.O. Box 3925
Charleston, WV  25339
Tel:  304-389-4321
Fax:  681-265-3209
tomsmithwv@gmail.com